<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERIFY SMART CORP., <br><br>             *Plaintiff*, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br>             *Defendant*. | Civil No.: 14-5117 (KSH) (CLW) <br><br><br> <u>**Opinion**</u> |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

Verify Smart Corp. ("Verify") brought suit against Bank of America, N.A. ("BoA"), alleging infringement of United States Patent No. 8,285,648 ("the '648 Patent"), as to which Verify claims to have all substantial rights through an exclusive license. (D.E. 1, "Compl.") BoA filed the motion to dismiss currently before the Court pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), contending that Verify lacks standing and also that the complaint fails to state a patent infringement claim. [D.E. 13.] As set forth below, the motion to dismiss under Fed. R. Civ. P. 12(b)(1) is granted, and as a consequence the Fed. R. Civ. P. 12(b)(6) motion is denied.

Verify claims that SafePass, BoA's "fraud prevention device and system," which allows "a customer [to] authorize a banking transaction . . . using a one-time passcode sent to the customer's mobile phone," infringes the '648 Patent. (Compl., ¶¶ 9, 11, 27; D.E. 1-1, "'648 Patent" at 1.) The '648 Patent, according to Verify, "is directed to novel systems and methods of verifying the identity of consumers initiating electronic commercial transactions," including

"online banking using a mobile electronic device, to provide enhanced security and user verification for such transactions." (Id. ¶¶ 8.) Stewart Goodwin, the inventor, was issued the '648 Patent on October 9, 2012, and he then assigned it to Dan Scammell. ('648 Patent at 1.) Verify alleges that the patent was then "assigned to Colleen Scammell," who later "licensed" it to Assured Mobile Technologies LLC ("Assured"). (Compl., ¶ 7.) Verify asserts that Assured then assigned it "the exclusive worldwide rights . . . to enforce and license the ['648 Patent]." (*Id.*)

Verify filed its complaint on August 14, 2014, alleging that SafePass infringes claims 1 and 5 of the '648 Patent and that BoA is liable as a direct, indirect, and joint infringer. (*Id.* ¶¶ 11, 22, 23.) It contends that BoA commits direct infringement by "mak[ing], us[ing], test[ing], market[ing], and sell[ing] or otherwise provid[ing] [SafePass] to its banking customers." (*Id.* ¶ 9.) Verify also claims that BoA is liable as an indirect and joint infringer for "provid[ing] express instructions in its advertisement materials that teach and suggest." (*Id.* ¶¶ 18, 22, 23.)

BoA challenges Verify's standing on the basis that it has not alleged facts sufficient to show that it owns the '648 Patent or that it possesses an exclusive license with all substantial rights. Standing is jurisdictional; a court is without subject matter jurisdiction when a plaintiff lacks standing. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). If BoA is successful on its standing challenge, the Court is precluded from addressing its arguments regarding the sufficiency of Verify's allegations.

"On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof . . . ." *Id.* (citations and internal quotation marks omitted). BoA contends that Verify's allegations are insufficient to show that "that it is an exclusive licensee with all substantial rights to the '648 Patent." It asserts that Verify's description

of the transactions through which it claims to have been assigned the '648 Patent do not demonstrate that it received all substantial rights in it such that it can bring a suit for patent infringement in its own name.[1]

In a patent infringement suit, potential plaintiffs are "those that can sue in their own name alone" and "those that can sue as long as the patent owner is joined in the suit." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). The first category of plaintiffs consists of those who possess legal title to the patent, including assignees and licensees "to whom all substantial rights in the patent have been transferred" and who "can sue in their own name alone." *Aspex Eyewear, Inc. v. Altair Eyewear, Inc.*, 288 F. App'x 697, 705 (Fed. Cir. 2008) (citation and internal quotation marks omitted). The second category consists of "[e]xclusive licensees who do not receive all substantial rights," and who are required to "join the patent owner as co-plaintiff to satisfy prudential concerns." *Id.*

In contrast to the two categories of plaintiffs who may bring a patent infringement suit is the bare licensee. A bare licensees lacks exclusionary rights and only receives a promise from the patent owner that "it will not be sued for infringing the patent rights." *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1193 (Fed. Cir. 2007). Because a bare licensee cannot prevent others from making, using, or selling that patent, *Aspex Eyewear*, 388 F. App'x at 705, it is without standing to sue and "an infringement action brought by a bare licensee must be dismissed." *Id.* at 1193-94.

In the complaint, Verify merely claims that its assignment from Assured grants it all substantial rights in the '648 Patent thereby permitting it to sue in its own name. Importantly, the parties' characterization of the assignment or license is irrelevant. Rather, the actual rights transferred to the assignee or licensee are determinative of standing. *Intellectual Prop Dev., Inc.*

---

[1] BoA also contends that Verify lacks standing because it is not the owner of the '648 Patent. Verify never claims that it owns the '648 Patent, however, and only alleges that it was assigned all substantial rights in it.

*v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1344 (Fed. Cir. 2001). A court must glean the scope of the rights transferred from the writing evidencing the assignment, which the Patent Act requires "for a party to have standing to sue in its own name." *Aspex Eyewear*, 288 F App'x at 705; *see also Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1356 (Fed. Cir. 2008) ("[P]atent ownership may be transferred by assignment, and [35 U.S.C. § 261] addresses such a transfer—requiring assignments to be in writing."). In the absence of a written instrument, and even having an exclusionary right, a plaintiff must join the patentee as co-plaintiff.

Verify makes the bare assertion that it is an assignee with all substantial rights in the '648 Patent. It has not recited or annexed the required writing memorializing the assignment of substantial rights in the '648 Patent in order to have standing to "sue in [its] own name alone." *Aspex Eyewear*, 388 F. App'x at 705. It does not allege that it received an exclusive license, and even if it did, there would remain the requirement to add the patent owner as a co-plaintiff. A review of the docket shows that Verify has moved, in response to BoA's contentions in its 12(b)(6) motion, to amend its preliminary infringement contentions under L. Pat. R. 7.3. [D.E. 25.] This application does not hint at an effort to deal with the standing deficiencies; Verify only seeks to amend its contentions regarding "the conception date of its invention as a result of newly discovered information." [D.E. 25-1 at 1.]

The absence of any details supporting Verify's standing to sue in its own name for infringement of the '648 Patent warrants dismissal under Fed. R. Civ. P. 12(b)(1). As a consequence, the Court denies Verify's motion to amend its contentions and does not address BoA's dismissal arguments under Fed. R. Civ. P. 12(b)(6) because it lacks subject matter jurisdiction to do so. Verify's complaint is dismissed without prejudice.

|  |  |
|---|---|
| Dated: June 30, 2015 | /s/Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J. |